DANCE TOWN, U. S. A., INC.,

v.

UNITED STATES of America.

Civ. A. No. 67–H–748.

United States District Court,
S. D. Texas,
Houston Division.

Sept. 4, 1970.

D. R. Bernard, Bernard & Bernard, Houston, Tex., for plaintiff.

Anthony Farris, U. S. Atty., George Pain, Asst. U. S. Atty., Houston, Tex., Myron C. Baum, D. Wendell Barnett, Dept. of Justice, Washington, D. C., for defendant.

## FINAL JUDGMENT

SEALS, District Judge.

Plaintiff, Dancetown, U.S.A., brings this action to recover the sum of $15,536.84 which it paid to the Internal Revenue Service as federal cabaret taxes for the third and fourth calendar quarters of 1963 and the first, second and third calendar quarters of 1964. The Government has filed a counterclaim to recover the sum of $15,875.49, the amount of cabaret taxes, penalties and interest allegedly due but unpaid for all quarters of 1964 and the first and second quarters of 1965. The Commissioner of Internal Revenue assessed the tax after determining that plaintiff, a commercial ballroom, fell under the definition of "cabaret" set forth in 26 U.S.C. § 4232:

> *"(b) Roof garden, cabaret or other similar place*—The term "roof garden, cabaret, or other similar place," as used in this chapter shall include any room in any hotel, restaurant, hall, or other public place where music and dancing privileges or any other entertainment, except instrumental or mechanical music alone, are afforded the patrons in connection with the serving or selling of food, refreshment, or merchandise. In no case shall such term include any ballroom, dance hall, or other similar place where the serving or selling of food, refreshment, or merchandise is merely incidental, unless such place would be considered, without the application of the preceding sentence, as a 'roof garden, cabaret, or other similar place' ";

and, as such, was liable for the 10% excise tax imposed on cabarets by virtue of 26 U.S.C. § 4231. Plaintiff avers that, in accordance with the exception granted by § 4232, its selling of food and refreshment was "merely incidental;" Plaintiff's claim for refund, as well as the Government's counterclaim for the amount unpaid and overdue, must therefore turn on the question of whether or not Dancetown operated an establishment where the selling of food and refreshments was "merely incidental."

■ The Fifth Circuit has explained what is comprehended within the rubric of "merely incidental." Nonliability for the tax requires a showing that

> "the sale of refreshments plays only a supporting role in the entertainment operation; when it assumes importance as a significant attraction for its own sake it is not 'merely incidental.' * * * The test is whether the sale of refreshments is subordinate. When such sale becomes important in its own right as a significant part of the attraction of the establishment, the exemption from the cabaret tax will not apply." Stevens v. United States, 302 F.2d 158, 163–164 (5th Cir. 1962).

The principal factor to be considered is the source of the revenue. Billen v. United States, 273 F.2d 667 (10th Cir. 1960).

■ In the case at bar, 45.1% of plaintiff's total income during this period derived from the sale of food and refreshments and 54.9% from admissions. In Kantor v. United States, 154 F.Supp. 58 (N.D.Tex.1956), a district court in this State held that where receipts from the sale of refreshments are approximately 40% of total revenue, such receipts are not "merely incidental." Similar rulings have followed in cases where the sale of refreshments accounted for 47.11% of the total. Landau v. Riddell, 255 F.2d 252 (9th Cir. 1958), and 50%, Billen v. United States, *supra*, In Landau, the court elaborated on this issue:

> "Can we say that as a matter of law almost 50% of the income from a business operation is 'merely incidental'? The mere asking of the question

indicates that the answer must be 'no,' and demonstrates that under the 'merely incidental' interpretation the facts of this case prevent any recovery by appellant, both as a matter of fact and as a matter of law." *Landau, supra,* at 257.

A recent decision from the Seventh Circuit would seem to make the result in the instant case clear beyond a reasonable doubt. In Shutter v. United States, 406 F.2d 906 (7th Cir. 1969), Judge Kerner found that refreshment sales were not "merely incidental" where they accounted for 47% of the gross income and admissions provided for 48% (5% from other sources) and even though only 41% of the dance hall's physical area was delegated to bar facilities. Dancetown, on the other hand, allocated 75% of its space to the sale of food and refreshments.

Both *Shutter* and the case at bar are distinguishable from Ross v. Hayes, 337 F.2d 690 (5th Cir. 1964), where the court allowed the jury to determine the "merely incidental" issue. In *Ross*, sales accounted for 44% of revenue, but the physical space devoted to bar facilities was less than 25% of the total. *Ross* may thus be viewed as the exception arising in those relatively few situations in which the dance floor comprises an overwhelming portion of the total area.

Another factor that supports the Government's position is the percentage of gross profits. More than 67% of gross profits for 1964 obtained from the sale of food and refreshments; less than one third derived from admissions.

Finally, the court notes that Dancetown opened its doors 90 minutes before the commencement of live band music. This consideration provides additional evidence that plaintiff's sale of food and refreshments, so far from being "merely incidental," was Dancetown's primary *raison d'etre.* Without food and drink, plaintiff's customers, exhausted by their terpsichorean activities, may well not have lingered long upon the premises before seeking elsewhere an oasis at which to refresh and refuel. Dancetown's bar was thus not only an ample source of revenue in its own right, but a magnet that guaranteed the presence throughout the evening of many of plaintiff's customers and, we might add, kept them coming back.

Accordingly, plaintiff must pay the entire tax at issue here. Judgment is hereby granted for the Government on both the principal claim and the counterclaim.

The clerk will file this final judgment and provide counsel with true copies.