446 F.2d 882
 71-1 USTC P 15,994
 DANCE TOWN, U.S.A., INC., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
No. 71-1225 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 May 20, 1971, As Amended on Denial of Rehearing June 23, 1971.
 
 D. R. Bernard, P. K. Reiter, Bernard & Bernard, Houston, Tex., for plaintiff-appellant.
 Anthony J. P. Farris, U.S. Atty., Houston, Tex., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Washington, D.C., James R. Gough, Asst. U.S. Atty., Richard W. Perkins, William M. Brown, Attys., Tax Div., Dept. of Justice, Washington., D.C., George R. Pain, Asst. U.S. Atty., Houston, Tex., for defendant-appellee.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dance Town appeals from a verdict of a jury in favor of the Commissioner of Internal Revenue. The question is whether Dance Town was liable for the cabaret tax imposed by 4231 of the 1954 Code. The issue in this case is whether the selling of food and refreshments was merely incidental to the operation of the ballroom, thus exempting Dance Town from the cabaret tax.
 
 The evidence in the record shows that:
 
 2
 (1) the company gained 54.9 percent of its gross income from admissions charges and 45.1 percent from the sale of refreshments; (2) 75.7 percent of the floor area was devoted to the two bars and to seating the patrons and 24.3 percent of the area to dancing; (3) an average of 19 waitresses served refreshments at tables during each fiscal quarter involved. The trial judge found that 67 percent of the company's gross profits was attributable to the sale of refreshments.
 
 
 3
 The decision of the district court, 319 F.Supp. 634, is affirmed on the basis of this Court's decisions in Stevens v. United States, 5 Cir. 1962, 302 F.2d 158 and Ross v. Hayes, 5 Cir. 1964, 337 F.2d 690.